UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division
www.flmb.uscourts.gov

In re:

Lake Buena Vista Investments, LLC

    Debtor.
_____/

Case No. 6:25-bk-06768-GER

Chapter 11

**NOTICE OF FILING OF DECLARATION OF JACK FLECHNER IN SUPPORT OF CHAPTER 11 PETITION AND FIRST DAY MOTIONS**

Lake Buena Vista Investments, LLC, hereby files the following document:

- *First Day Declaration of Jack Flechner in Support of Chapter 11 Petition and First Day Motions*

    Wernick Law, PLLC
    *Proposed Counsel for the Debtor*
    2255 Glades Road, Suite 324A
    Boca Raton, Florida 33431
    (561) 961-0922

    By: */s/ Hayley G. Harrison*
    Aaron A. Wernick, Esq.
    Florida Bar No.: 14059
    awernick@wernicklaw.com
    Hayley G. Harrison, Esq.
    Florida Bar No.: 150157
    hharrison@wernicklaw.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division
www.flmb.uscourts.gov

In re:

Lake Buena Vista Investments, LLC

    Debtor.
_____/

Case No. 6:25-bk-06768-GER

Chapter 11

**FIRST DAY DECLARATION OF JACK FLECHNER IN
SUPPORT OF CHAPTER 11 PETITION AND FIRST DAY MOTIONS**

Under 28 U.S.C. § 1746, Jack Flechner hereby declares as follows under the penalty of perjury:

1. I am the authorized representative of the manager of Lake Buena Vista Investments LLC ("LBVI," or the "Debtor"). Gator Soup, LLC is the sole member of the Debtor.

2. I am authorized by the Debtor to submit this declaration (the "First Day Declaration") on the Debtor's behalf.

3. I am familiar with the Debtor's financial affairs, business operations, day-to-day operations, organizational structure, books and records. Except as otherwise stated in this First Day Declaration, the statements set forth herein are based on (a) my personal knowledge or opinion derived from my experience, (b) information that I have received from the Debtor's advisors or employees working directly with me or under my supervision, direction, or control, and/or (c) my review of relevant documents. Any references to the Bankruptcy Code (as defined below), the chapter 11 process, and related legal matters herein reflect my understanding of such

matters based on the explanations and advice provided by Debtor's counsel. If called upon, I would testify competently to the facts set forth in this First Day Declaration.

4. On October 21, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida (the "Court").

5. The Debtor will continue to operate its business as a debtor in possession.

6. I submit this First Day Declaration on behalf of the Debtor in support of the (a) voluntary petition for relief that was filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (b) the Debtor's schedules, and (c) "first-day" motions, which the Debtor intends to file on or around October 22, 2025 (collectively, the "First Day Motions"). The Debtor seeks the relief set forth in the First Day Motions to minimize the adverse effects of the commencement of this Chapter 11 Case on its business.

7. I have reviewed the Debtor's petition, schedules, and the other First Day Motions, or have otherwise had their contents explained to me, and it is my belief that the relief sought therein is essential to ensure the uninterrupted operation of the Debtor's business and to successfully maximize the value of the Debtor's estates.

8. To familiarize the Court with the Debtor, its business, the circumstances leading to the commencement of the above-captioned Chapter 11 Case, the objectives of such case, and the relief the Debtor is seeking in the First Day Motions, this First Day Declaration includes the following information:

2

- Part I provides an overview of the Debtor's business;
- Part II provides an overview of the circumstances leading to the commencement of the above-captioned Chapter 11 Case, the objectives of the above-captioned Chapter 11 Case, and the means for implementing such objectives; and
- Part III introduces the various First Day Motions and sets forth my belief that the relief sought therein is crucial to the Debtor's business.

## I. THE COMPANY'S BUSINESS

9. LBVI owns the real property, hotel, and restaurant that are located at 12341-12353 Winter Garden Vineland, Lake Buena Vista, Florida 32836 (the "Property"). LBVI built the hotel, which unfortunately opened during the COVID-19 pandemic, in August 2020. LBVI also built a parking garage.

10. LBVI does not have any employees. The hotel is operated by a management company, CSFL Associates, LLC ("CSFL"). The restaurant is leased to a tenant, 29 Grados ORL LBV LP (the "Tenant"). The Tenant built the restaurant with LBVI's assistance. For instance, LBVI completed all of the site work.

11. Both the restaurant and the hotel operate as franchises. The hotel is a Candlewood Suites. The restaurant is a Twin Peaks.

## II. KEY EVENTS LEADING TO COMMENCEMENT OF, AND THE COMPANY'S OBJECTIVES IN, THE ABOVE-CAPTIONED CHAPTER 11 CASE

12. Last year, occupancy rates at the hotel began to decrease. Additionally, the Debtor's junior secured debt matured. Declining revenues, and the general downturn and uncertainty in the domestic economy, impacted the Debtor's ability to refinance its secured debt, which came due in December 2024.

13. The junior secured debt is in the approximate amount of $20,505,000.00 and is held by Florida Restaurant Franchise Group XI, LP ("FRFG 11"). The limited partners of FRFG 11 are foreign investors seeking EB-5 visas.

14. In 2025, the Debtor began to default on its obligations under its senior secured loan agreement. The senior secured lender is DBR Investments Co. Limited ("DBR"). Key Bank is the servicer for the DBR loan, which loan remains outstanding in the approximate amount of $25,000,000.00.

15. Via Key Bank, DBR assumed control over hotel revenues. Whereas hotel revenues formerly were transferred to CSFL's operating account, hotel revenues are now kept in a deposit account at Key Bank. Key Bank maintains an approximately $800,000.00 reserve and formerly disbursed funds in excess of the reserve to, *inter alia*, service the DBR loan and satisfy the hotel's operating expenses.

16. Recently, Key Bank has not disbursed to CSFL the funds required to satisfy the hotel's payroll or the hotel's franchise fees.

17. Through this chapter 11 bankruptcy case, the Debtor seeks to regain control over hotel revenues and to access the funds held in reserve by Key Bank. The Debtor intends to explore alternative management agreements with different hotel operators and hopes to negotiate a restructuring of its secured debts. The Debtor will explore all options for exiting from this bankruptcy case, including new financing or refinancing, or a sale of the hotel and restaurant as going concerns.

### III.  FACTS SUPPORTING RELIEF SOUGHT IN FIRST DAY MOTIONS

18.  The Debtor seeks approval of First Day Motions and related orders, and respectfully requests that the Court grant the First Day Motions as they are essential for the continued operation of the business.

*Debtor's Emergency Motion to Approve Use of Cash Collateral*

19.  The Debtor is delinquent on the DBR loan and the FRFG 11 loan. Both lenders assert security interests in the Debtor's cash receipts. Whether there is any value securing FRFG 11's junior loan is unclear at this early stage of the case.

20.  The Debtor will suffer immediate and irreparable harm if it cannot pay the hotel's operating expenses and franchise fees. The Debtor will attempt to negotiate an agreed form of interim order authorizing use of cash collateral in accordance with a budget.

21.  Given Key Bank's sweep of funds into the control account for the benefit of DBR, the Debtor and management company are without access to the cash needed to immediately sustain operations of the hotel and make payroll.

*Debtor's Application to Employ Aaron A. Wernick, Esq. and Wernick Law PLLC as Attorneys for the Debtor, Effective as of the Petition Date*

22.  Debtor seeks authority to retain Aaron A. Wernick, Esq. and Wernick Law, PLLC as bankruptcy counsel for the Debtor, effective as of the Petition Date. Mr. Wernick and his firm have extensive experience representing chapter 11 debtors in this District and is well-qualified to serve as the Debtor's counsel.

23. My understanding is that neither Mr. Wernick nor his firm have any connection with the Debtor's creditors or other parties in interest or their attorneys, except as set forth in Mr. Wernick's Declaration. An important connection that is disclosed in the retention application is Mr. Wernick's representation of debtors who have ultimate owners in common with LBVI.

24. The Debtor would suffer immediate and irreparable harm if interim approval is not obtained because First Day Motions seek emergency relief and business entities like the Debtor must be represented by counsel to appear in court.

### *Additional Motions*

25. The Debtor may seek authority to continue using its pre-petition bank accounts while the Debtor opens debtor-in-possession bank accounts and may seek authority to sweep receipts in the pre-petition bank accounts into debtor-in-possession bank accounts.

26. The Debtor is still evaluating whether any other emergency relief is required. The above summaries are subject to the filing of additional motions as may be required.

*I declare under penalty of perjury that the foregoing is true and correct.*

*Executed on October 22, 2025*

Signed by:
*Jack Flechner*
7797F1BD96784E5...
_____
Jack Flechner, Authorized Representative

6